UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

DEREK MICHAEL HUGHES,

       Plaintiff,

    v.

SKYLIGHT FINANCIAL,

       Defendant.

Civil File No. 06-266 (JMR/FLN)

**REPORT AND RECOMMENDATION**

---

Plaintiff, a prisoner at the Minnesota Correctional Facility at Lino Lakes, Minnesota, has filed a complaint seeking a judgment against Defendant Skylight Financial.  (Docket No. 1.)  Plaintiff did not pay the $250 filing fee for this action when he filed his complaint, (see 28 U.S.C. § 1914(a)), but instead applied for leave to proceed in forma pauperis, ("IFP").  (Docket No. 2.)  By order dated January 19, 2006, (Docket No. 3), Plaintiff was advised that his IFP application would not be addressed, and his case would not go forward, until after he paid an initial partial filing fee of $34.72, as required by 28 U.S.C. § 1915(b)(1).

Plaintiff recently paid his initial partial filing fee, (Docket No. 4), so this case is now before the Court for a final ruling on Plaintiff's IFP application, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.  For the reasons discussed below, the Court finds that this action must be summarily dismissed for lack of subject matter jurisdiction.

## I.  BACKGROUND

Plaintiff's "Statement of Claim," repeated verbatim and in its entirety, is as follows:

"Skylight Financial sent my A.T.M. card to the wrong address, because of that, my account was drain [sic] of funds.  This crime happen around June

15/05."

(Complaint, [Docket No. 1], p. 3, § IV.)

Based on these meager allegations, Plaintiff seeks the following relief:

"I want the courts to prosicute the person or persons that stolen [sic] my A.T.M. card.  I would like retribution from the Bank fore [sic] their mistake."

(Id. at p. 3, § V.)

Plaintiff has provided no further explanation of the factual or legal bases for his lawsuit, or the relief is seeking.

## II.  DISCUSSION

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case."  Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991).  For this reason, Fed. R. Civ. P. 8(a) requires that every complaint filed in federal court "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends...."  Fed. R. Civ. P. 12(h)(3) requires that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  (Emphasis added.)

In this case, Plaintiff's complaint does not contain any statement showing the existence of federal subject matter jurisdiction, and after carefully reviewing the file, the Court finds that subject matter jurisdiction does not exist here.

The Court initially notes that Plaintiff's claims for relief are not based on any federal law that would provide subject matter jurisdiction under 28 U.S.C. § 1331, the "federal

question" statute.[1]  Although the caption of Plaintiff's pleading suggests that he is seeking relief under 42 U.S.C. § 1983, he obviously has not stated a cause of action under that statute.  To state an actionable § 1983 claim, a complainant must allege facts showing that the named defendant violated the claimant's federal constitutional rights while acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  In this case, it appears that the named Defendant is a private corporation, and not a state actor; and there are no allegations suggesting that Defendant violated any of Plaintiff's federal constitutional rights.  Therefore, Plaintiff obviously has not pleaded an actionable § 1983 claim.

Nor has Plaintiff pleaded any claim based on any other federal law.  Indeed, Plaintiff's complaint states that he is seeking "retribution" from Defendant "fore [sic] their mistake," which clearly suggests that he is actually attempting to sue Defendant for negligence.  However, negligence is a state common law tort cause of action, which does not implicate any federal question that could provide federal subject matter jurisdiction.

The Court has also considered whether federal subject matter jurisdiction could be invoked based on diversity of citizenship, pursuant to 28 U.S.C. § 1332.  Although it appears that Plaintiff and Defendant may be residents of different states, Plaintiff has failed to allege any facts suggesting that the $75,000 "amount in controversy" requirement is satisfied in this case.  See Golden ex rel. Golden v. Golden, 382 F.3d 348, 354 (3rd Cir. 2004) ("[w]here a federal cause of action is based on diversity jurisdiction, the complaint must allege an amount in controversy between the parties in excess of the statutory

---

[1]  28 U.S.C. § 1331 provides that "[t]he [federal] district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

minimum"). Therefore, subject matter jurisdiction does not exist under § 1332.

In sum, the Court finds that Plaintiff has not shown any grounds that would allow a federal court to exercise subject matter jurisdiction in this case. The Court will therefore recommend that this action be summarily dismissed pursuant to Fed. R. Civ. P. 12(h)(3), and that Plaintiff's IFP application be denied. See 28 U.S.C. § 1915(e)(2)(B). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the filing fee for this case.[2] To date, he has paid only $34.72. The remaining balance of the $250.00 filing fee, which is $215.28, will have to be deducted from Plaintiff's prison trust account and paid to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

## III.  RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1.  This action be **DISMISSED** pursuant to Fed. R. Civ. P. 12(h)(3), for lack of subject matter jurisdiction;

2.  Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2),

---

[2]  Under the Prison Litigation Reform Act of 1995, ("PLRA"), prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee."  In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

be **DENIED**; and

    3.  Plaintiff be required to pay the unpaid balance of the statutory filing fee, namely $215.28, in accordance with 28 U.S.C. § 1915(b)(2).


Dated: February  15, 2006


                                        *s/ Franklin L. Noel*
                                        FRANKLIN L. NOEL
                                        United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 7, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.